[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of a slip and fall which allegedly occurred in the parking lot of Waldbaum's, Inc. (Waldbaum's) located at 35 Main Street in Danbury. The complaint alleges that Isabel Prince suffered injuries because the owner of the premises, Waldbaum's, negligently failed to remove ice from the parking area. Waldbaum's has filed an apportionment complaint against BMP Services, Inc. (BMP). That complaint asserts that on the date of the fall, BMP was under contract to plow, remove, and salt snow and ice from the parking lot. It continues by reciting that Prince's injuries were caused by BMP's failure to fulfill its obligations under the contract. BMP now moves to strike the apportionment complaint on the ground that Waldbaum's owes a duty to Prince that cannot be delegated to BMP. CT Page 13085
In Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 CONN. L. RPTR. 187), the court denied a landowner's motion to cite in a contractor for apportionment purposes on the ground that a landowner cannot delegate the duty owed to an invitee. The court stated that, "[b]ecause [the landowner] could not delegate its duty to the plaintiff to keep its premises safe, and because it is responsible to the plaintiff for any negligence on the part of [the contractor], apportionment is not appropriate. Apportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty." Wood v.Chalet Susse International, supra, 14 CONN. L. RPTR. 188. The court is persuaded by this well-reasoned decision.[1] The motion to strike is, accordingly, granted.
Moraghan, J.